IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWNE WENTZEL | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. |
| SUPERIOR TUBE COMPANY, INC. | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

Plaintiff Dawne Wentzel files this Complaint against Defendant Superior Tube Company, Inc. and in support thereof avers as follows:

### Jurisdiction and Venue

1. The jurisdiction of this Court is based upon 28 U. S. C. §1331, in that this Court has original jurisdiction of this matter, which is based upon laws of the United States of America, the Family and Medical Leave Act ("FMLA"), 29 U. S. C. §260; and Title VII of the Civil Rights Act of 1964, 42 U. S. C. §2000e, including the Pregnancy Discrimination Act of 1978, 42 U. S. C. § 2000e (k) ("Title VII").

2. Plaintiff requests a trial by jury of the claims raised herein.

3. Venue is appropriate in this Court pursuant to 28 U. S. C. §1392(b) in that Defendant has ongoing business operations in this District and a substantial part of the events giving rise to the claim occurred in this District.

4. The amount in controversy exceeds $150,000.00 over the remaining lifetime of Plaintiff, exclusive of interest and costs.

5. Plaintiff has complied with the applicable administrative remedies by timely filing a Charge with the Equal Employment Opportunity Commission ("EEOC"),

1

Charge no. 530-2014-02287, and simultaneously filing a Charge with the Pennsylvania Human Relations Commission ("PHRC"), case no. unknown.

6. On October 28, 2014, the EEOC issued a Notice of Right to Sue permitting Plaintiff to file her cause of action under Title VII in this action.

7. Plaintiff intends to amend this Complaint and assert a cause of action for sex and pregnancy discrimination under the Pennsylvania Human Relations Act, 43 P. S. §955(a) ("PHRA") upon receipt of applicable authority from the PHRC.

## Parties

8. Dawne Wentzel ("Wentzel") is an individual who resides at 194 Yale Court, Souderton, PA 18964.

9. Defendant Superior Tube Company, Inc. ("Superior Tube") is a Delaware corporation which maintains a principal place of business in the Commonwealth of Pennsylvania at 3900 Germantown Pike, Collegeville, PA 19426. Superior Tube is owned by the Watermill Group which is based in Lexington, MA.

## Factual Background

10. Plaintiff Wentzel is a 39 year-old female.

11. On June 1, 2010, Plaintiff Wentzel commenced employment with Defendant Superior Tube as Director of Organization Development.

12. Plaintiff Wentzel was later promoted to Director of Human Resources / Organization Development.

13. As of March 2014, Plaintiff Wentzel was paid an annual base salary of $100,000.00 plus a 15-20% annual bonus and quarterly performance bonus.

14. Defendant Superior Tube Company is a multi-million dollar

2

manufacturing company that manufactures small diameter metal tubing.

15. Throughout her employment with Defendant Superior Tube Wentzel received positive performance appraisals.

16. Scott Derrow previously served as Defendant Superior Tube's Chief Operating Officer.

17. During the period August 2011 through April 2013, when Scott Derrow, served as Defendant Superior Tube's Chief Operating Officer, Derrow repeatedly complemented Plaintiff Wentzel on her work performance.

18. When Scott Derrow left the employ of Defendant Superior Tube, Plaintiff Wentzel reported to Ben Huber, Director of Operations until the middle of October 2013.

19. During the period of time Plaintiff Wentzel reported to Ben Huber, Huber never advised Wentzel of any work performance issues.

20. As of October 2013, Plaintiff Wentzel began reporting to Bob Henry ("Henry"), Senior Vice President and Global Chief Financial Officer.

21. Henry was later promoted to President and Global Chief Financial Officer.

22. As of November 4, 2013, Plaintiff Wentzel worked for Defendant Superior Tube for in excess of 12 months.

23. As of November 4, 2013, Plaintiff Wentzel worked for Defendant Superior Tube for at least 1,250 hours of service during the preceding 12 months.

24. As of November 4, 2013, Defendant Superior Tube employed at least 50 employees within a 75 mile radius of the Collegeville, PA worksite where Plaintiff Wentzel was employed.

25. On November 4, 2013, Plaintiff Wentzel commenced maternity leave due to the birth of her third child.

26. During her absence Plaintiff Wentzel was granted leave under the FMLA.

27. Prior to Plaintiff Wentzel's leave, Henry assured Wentzel that he would meet with Wentzel's team weekly to ensure the team had the proper leadership and direction in Wentzel's absence.

28. During Plaintiff Wentzel's leave, Henry only met with Wentzel's team twice, and cancelled several other meetings that he had scheduled.

29. Throughout her leave, when necessary, Plaintiff Wentzel worked from home remotely, and when necessary, Wentzel went into the office to address certain tasks, including the following dates: November 14, 2013, November 26, 2013, December 5, 2013, December 27, 2013, January 2, 2014, January 7, 2014, January 9, 2014, January 15, 2014, January 27, 2014 and January 28, 2014.

30. During the last week of her leave, Plaintiff Wentzel worked remotely from her home.

31. On February 3, 2014, Plaintiff Wentzel officially returned to work.

32. On January 28, 2014, one week prior to Plaintiff Wentzel's return from FMLA leave, Henry advised Wentzel that he was not happy with Human Resources' performance and that it was a reflection on Wentzel as the leader of the department. As a result, Henry said he reached out to an old contact of his whom recruits for high level positions and Henry advised Wentzel that he intended to start interview to see what other talent is available, to in effect replace Wentzel.

33. During the January 28, 2014 conversation Henry referenced the following:

    A. The lack of a formal performance review process;

    B. Henry was not happy with a talent review process;

    C. An issue with a supplemental insurance billing issue.

34. In response to Henry's reference to the lack of a formal performance review process, Plaintiff Wentzel stated that she agreed that a process was necessary and she had advised Tony Jost, former President of Superior Tube, of the same but Jost had advised Wentzel that it was not a philosophy that he supported at the time.

35. A procedure had been put in place under Plaintiff Wentzel's former supervisor concerning the talent review process to develop the process and Wentzel was advised that the process was a success.

36. The issue with supplemental insurance billing was being addressed just prior to Plaintiff Wentzel's leave but had not yet been completed. During Wentzel's leave, Debbie McKittrick, HR Generalist, took over responsibility for this task and reported directly to Henry. While the initial issues had been corrected, there were still issues in the billing process which were being worked out and additional issues that surfaced while Wentzel was out on leave.

37. Defendant Superior Tube maintains a formal Discipline Policy which requires "administering equitable and consistent discipline for unsatisfactory conduct in the workplace."

38. Defendant Superior Tube's Discipline Policy provides, the "major purpose of any disciplinary action is to correct the problem, prevent recurrence, and prepare the employee for satisfactory service in the future. Under the policy there are five disciplinary measure steps: "Step one: Verbal Counseling- documentation of counseling in the employee's file, including the reason for counseling, the date and time of counseling and who was present; Step two: First Written Warning; Step three: Second Written Warning; Step four: Third and Final Written Warning with a five (5) day suspension; and Step five: Termination."

39. At no time prior to Plaintiff Wentzel's leave from work was Wentzel ever subjected to any discipline under the Discipline Policy.

40. On March 4, 2014, Henry advised Plaintiff Wentzel that her employment was terminated effective immediately.

41. In terminating Plaintiff Wentzel's employment Defendant Superior Tube failed to follow its Disciplinary Policy.

42. Defendant Superior Tube has replaced Plaintiff Wentzel with an employee who is not pregnant, and did/does not require a leave from work.

43. Defendant Superior Tube's stated reason(s) for terminating Plaintiff Wentzel's employment are pretextual.

44. Defendant Superior Tube was actually motivated by Plaintiff's Wentzel's pregnancy, need for a leave from work and the subsequent birth of her child.

45. Defendant Superior Tube's treated Plaintiff Wentzel differently as compared to other employees who were not pregnant, did not require a leave for work and did not give birth to young children.

46. Plaintiff Wentzel has incurred substantial damages as a consequence of Defendant Superior Tube's conduct including lost wages and benefits and emotional distress.

47. Defendant Superior Tube's unlawful actions were willful and outrageous in that its motives and conduct as set forth above were malicious, reckless and oppressive.

## COUNT I

### VIOLATION OF FAMILY AND MEDICAL LEAVE ACT
### 29 U. S. C. §2601, et. seq.

48. Paragraphs 1 to 47 are incorporated herein as if set forth in full.

49. Plaintiff Wentzel was an eligible employee under the FMLA in that Wentzel was continuously employed for more than twelve months and had at least 1,250 hours of service during the past twelve months.

50. At the time in which Plaintiff Wentzel availed herself of a work leave, Defendant Superior Tube was an employer subject to the FMLA.

51. Plaintiff Wentzel was entitled to a minimum of twelve workweeks of leave for the birth of a child, for prenatal care and incapacity related to pregnancy.

52. Plaintiff Wentzel availed herself of her FMLA right to leave for the birth of a child, for prenatal care and incapacity related to pregnancy.

53. Defendant Superior Tube has not proffered any legitimate reason for the termination of Plaintiff Wentzel's employment. Even if a reason is provided, said reason would be pretextual in that Superior Tube had discriminatory motives based upon Wentzel's FMLA leave from work, and in retaliation for Wentzel taking FMLA leave.

54. In terminating Plaintiff Wentzel's employment, Defendant Superior Tube interfered with Plaintiff's FMLA rights.

55. Defendant Superior Tube retaliated against Plaintiff Wentzel by not permitting Plaintiff Wentzel the opportunity to be restored to the position of employment which she held when her leave commenced; or an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

56. Defendant Superior Tube treated employees who have not availed themselves of FMLA leave differently than Plaintiff Wentzel.

57. Defendant Superior Tube's conduct with respect to Plaintiff Wentzel constitutes willful violation of the FMLA.

58. Plaintiff Wentzel has sustained substantial damage as a result of Defendant Superior Tube's conduct.

WHEREFORE, Plaintiff Dawne Wentzel requests that this Court enter judgment in her favor and against Defendant Superior Tube Company, Inc. and requests that the Court award Plaintiff monetary damages equal to the amount of wages, employment benefits, and any other actual monetary losses sustained, interest, liquidated damages as defined by the Family and Medical Leave Act, attorneys' fees, expert witness fees, interest, costs, all other relief awardable under the Family and Medical Leave Act.

## COUNT II

### GENDER DISCRIMINATION – PREGNANCY
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE PREGNANCY DISCRIMINATION ACT OF 1978

**42 U. S. C. §2000e, et. seq., including, 42 U. S. C. §2000e (k)**

59. Paragraphs 1 to 58 are incorporated herein as if set forth in full.

60. Defendant Superior Tube's disparate and discriminatory treatment of Plaintiff Wentzel during her employment was motivated by gender /sex discrimination in direct violation of 42 U. S. C. §2000e, et. seq.

61. Defendant Superior Tube's disparate and discriminatory treatment of on the basis of sex includes discriminatory action based on a leave from work due to pregnancy, childbirth, and related medical conditions impacting women affected by pregnancy, childbirth, or related medical conditions.

62. Defendant Superior Tube's disparate treatment of Plaintiff Wentzel was arbitrary and capricious, and based upon a discriminatory animus towards pregnant female employees who take a leave from work prior to and after child birth.

63. Defendant Superior Tube's actions were in retaliation for Plaintiff Wentzel's pregnancy and the need for a leave from work due to pregnancy, childbirth, and related medical conditions.

64. Defendant Superior Tube's conduct is per se discrimination and in violation of 42 U. S. C. §2000e et. seq., as amended by 42 U. S. C. §2000e(k).

WHEREFORE, Plaintiff Dawne Wentzel requests that this Court enter judgment in her favor and against Defendant Superior Tube Company, Inc. and enter a declaratory judgment that Defendant's actions are unlawful and award Plaintiff monetary damages including monetary damages exceeding $150,000.00, compensatory damages, punitive damages, reasonable attorneys' fees, reasonable expert witness fees, interest, costs, and any other relief which the Court deems appropriate.

                                                            Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
790 Penllyn Blue Bell Pike
Suite 205
Blue Bell, PA 19422
telephone: 267-470-4742

Attorney for Plaintiff Dawne Wentzel

Dated: November 4, 2014